IN RE: ADOPTION of RULES 6-9 and 6-10 of THE RULES of THE SUPREME COURT and COURT of APPEALS (RULES FOR APPEALS IN DEPENDENCY-NEGLECT CASES)

Supreme Court of Arkansas
Opinion delivered May 18, 2006

Per Curiam. On February 2, 2006 we published for comment proposed rules for appeals in dependency-neglect cases and trial counsel's duties in such appeals. *See In Re Proposed Rules for Appeals in Dependency-Neglect Cases* (February 2, 2006) for a discussion of the problems necessitating these rules. In order to address the problems and to expedite the appellate process in dependency-neglect cases, the proposal focused on limiting the record, curtailing extensions, and establishing time lines.

We thank everyone who reviewed the proposed rules and submitted comments. We have considered the comments and further reviewed the proposal. With some refinements, we accept the rules recommended by the Ad Hoc Committee on Foster Care and Adoption. Again, we express our gratitude to the members of that committee and everyone who assisted them on this project. We adopt Rule 6-9 and Rule 6-10 of the Rules of the Supreme Court and Court of Appeals as published below. These rules are

effective July 1, 2006 at which time appeals shall be commenced by filing the Notice of Appeal and Designation of Record (Form 1)[1] as set out in Rule 6-9.

With the adoption of Rule 6-9, it is necessary to amend Rule 2 (c) of the Rules of Appellate Procedure — Civil. Effective July 1, 2006, Rule 2(c) is amended as follows:

## RULES OF APPELLATE PROCEDURE — CIVIL

### Rule 2. Appealable matters; priority.

. . .

(c) Except as provided in Rule 6-9 of the Rules of the Supreme Court and Court of Appeals, appeals in juvenile cases shall be made in the same time and manner provided for appeals from circuit court.

(1) In delinquency cases, the state may appeal only under those circumstances that would permit the state to appeal in criminal proceedings.

(2) Pending an appeal from any case involving a juvenile out-of-home placement, the circuit court retains jurisdiction to conduct review hearings.

(3) In juvenile cases where an out-of-home placement has been ordered, orders resulting from the hearings set below are final appealable orders:

(A) adjudication and disposition hearings;

(B) review and permanency planning hearings if the court directs entry of a final judgment as to one or more of the issues or parties and upon express determination supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. Rule 54(b); and

(C) termination of parental rights.

## RULES OF THE SUPREME COURT AND COURT OF APPEALS

### Rule 6-9. Rule For Appeals In Dependency-Neglect Cases.

*(a) Appealable Orders.*

---

[1] The forms specified in Rule 6-9 will be made available by the Administrative Office of the Courts and will be accessible on the Supreme Court's website: http://www.courts.state.ar.us.

(1) The following orders may be appealed from dependency-neglect proceedings:

(A) adjudication order;

(B) disposition, review, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. Rule 54(b);

(C) termination of parental rights; and

(D) denial of right to appointed counsel pursuant to Ark. Code Ann. Section 9-27-316(h).

(2) The circuit court shall enter and distribute to all the parties all dependency-neglect orders no later than 30 days after a hearing.

*(b) Notice and Time for Appeal.*

(1) If the court announces its ruling from the bench and an appellant files a notice of appeal prior to the entry of the order, it shall be deemed to be filed the day after the order is entered.

(2) Notice of appeal shall be filed within 14 days from the entry of the circuit court order from which the appeal is being taken.

(A) If the appellant alleges indigency for purposes of the appeal, the appellant must request an indigency hearing within seven (7) days of the entry of the order from which the appeal is taken.

(B) The circuit court shall conduct the indigency hearing within five (5) days of the request for the indigency appeal hearing.

(C) If the appellant is indigent, the notice shall state that the court has made a determination of indigency for payment of the record and appointment of counsel for the appeal. If not indigent, appellant shall state that arrangements for payment of the record have been made.

(D) The notice of appeal and designation of record shall be signed by the appellant, if an adult, and appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the parties or parties, and specify the order from which the appeal is taken.

(E) If a timely notice of appeal is filed, any other party may file a notice of cross-appeal and designation of record within five (5) days from receipt of the notice of appeal.

(F) The time in which to file a notice of appeal or a notice of cross-appeal and the corresponding designation of record will not be extended.

(G) In computing time periods in this Rule 6-9, refer to the guidelines in Ark. R. Civ. P. 6 (a), which provides in part that when the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation.

*(c) Record on Appeal.*

(1) The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to that hearing, and all exhibits entered into evidence at that hearing.

(2) The appellant and the cross-appellant, if any, shall (A) complete a Notice of Appeal (Cross-Appeal) and Designation of Record (Form 1); (B) file Form 1 with the Circuit Clerk; and (C) serve Form 1 on the court reporter and all parties by any form of mail which requires a signed receipt.

(3) The designation-of-record portion of Form 1 shall identify the hearing from which the order being appealed arose, and shall designate the date(s) of the hearing. Service of the Notice of Appeal and Designation of Record (Form 1) shall constitute a request for transcription of the hearing from which the order of the appeal arose.

(4) Within five (5) days after receipt of the Notice of Appeal and Designation of Record (Form 1), the court reporter shall file a statement by mail or fax with the Circuit Clerk indicat-

ing whether arrangements for payment have been made and that the record will be completed timely. The court reporter shall make arrangements for the record to be completed and certified within 60 days.

*(d) Transmission of Record.* The record on appeal shall be filed with the Clerk of the Supreme Court within 70 days of the filing of the Notice of Appeal. Within 60 days after the filing of the Notice of Appeal and Designation of Record (Form 1), the court reporter shall provide the record to the Circuit Clerk who shall have no longer than five (5) days to prepare the record, including any transcripts and exhibits, to be transmitted for submission to Clerk of the Supreme Court. After the record has been duly certified by the Circuit Clerk, it shall be the responsibility of the appellant to transmit the record to the Clerk of the Supreme Court for filing.

*(e) Petition on Appeal.*

(1) Within 20 days after transmission of the record to the Clerk of the Supreme Court, the appellant shall file an original and 16 copies of a Petition on Appeal or Cross Appeal (Form 2).

(2) The petition shall not exceed twenty pages, excluding the abstract and addendum, and shall include:

(A) A statement of the nature of the case and the relief sought;

(B) A concise statement of the material facts as they relate to the issues presented in the petition on appeal that is sufficient to enable the appellate court to understand the nature of the case, the general fact situation, and the action taken by the circuit court. This statement must also summarize the circuit court order appealed from and recite the date the order was entered.(References to pages in the abstract and Addendum are required.);

(C) An abstract or abridgment of the transcript that consists of an impartial condensation of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision. In the abstracting of testimony, the first person (i.e., "I") rather

than the third person (i.e., "He, She") shall be used. Not more than one page of the transcript shall in any instance be abstracted without a page reference to the record.

(D) A concise statement of the legal issues presented for appeal, including a statement of how the issues arose; and a discussion of the legal authority on which the party is relying with citation to supporting statutes, case law, or other legal authority for the issues raised. Citations of decisions of the court which are officially reported must be from the official reports. All citations of decisions of any court must state the style of the case and the book and page in which the case is found. If the case is also reported by one or more unofficial publishers, these should also be cited, if possible.

(E) Following the signature and certificate of service, the appellant's petition shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, or letter opinion from which the appeal is taken, a copy of the notice of appeal, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case, which may include, but are not limited to, affidavits, petitions, case plan, court reports, court orders, or other exhibits entered into the record during the hearing from which the appeal arose. The addendum shall include an index of its contents and shall also designate where any item appearing in the addendum can be found in the record.

*(f) Response to Petition on Appeal or Cross Appeal.*

(1) Within 20 days after filing of the appellant's petition on appeal, any appellee may file an original and 16 copies of a response to the petition on appeal or cross-appeal (Form 3). The response shall be prepared by trial counsel or by substitute counsel so long as substitute counsel has filed an entry of appearance.

(2) The response shall not exceed twenty pages, excluding the abstract and addendum and shall include:

(A) A concise statement of the material facts as they relate to the issues presented by the appellant, as well as the issues, if any, being raised by the appellee on cross-appeal, that is

sufficient to enable the appellate court to understand the nature of the case, the general fact situation, and the action taken by the circuit court. (References to pages in the abstract and Addendum are required.)

(B) A concise response to the legal issues presented on appeal and cross-appeal, if any, including a statement of how the issue arose; a discussion of the legal authority on which the party is relying with citation to supporting statutes, case law, or other legal authority for the issues raised. Citations of decisions of the court which are officially reported must be from the official reports. All citations of decisions of any court must state the style of the case and the book and page in which the case is found. If the case is also reported by one or more unofficial publishers, these should also be cited, if possible.

(C) If the appellee considers the appellant's abstract or addendum to be defective or incomplete, the appellee may provide a supplemental abstract or addendum. The appellee's addendum shall only include an item which the appellant's addendum fails to include.

(3) The appellant will have ten (10) days after appellee's response on cross appeal is filed to reply to the response or cross appeal.

(4) The appellee will have ten (10) days after appellant's response is filed to reply to appellant's response to the cross appeal.

*(g) Extensions.* Only one extension for completion of the record and only one extension per party for submission of the petition shall be granted upon a showing of manifest injustice and only for a period of no more than seven (7) days. If the request is based on the court reporter's inability to complete the transcript, it must be supported by an affidavit of the reporter specifying why the transcript has not been completed.

*(h) Style of Petition.* The style of the Petition on Appeal, Response, and Cross-Appeal shall follow the style of briefs as described by Rule 4-1 of the Rules of the Supreme Court except where a style is specifically described by these rules.

*(i) Ruling.*

(1) Dependency-neglect proceedings shall be prioritized on the calendar of the appellate court. Once a case is ready for submission, the Clerk of the Supreme Court shall submit the case for decision.

(2) If a party files a petition for rehearing with the appellate court or petition for review with the Supreme Court, it must be filed within 5 days of the appellate court's decision. No supplemental briefs or extensions shall be allowed. The Clerk of the Supreme Court shall submit the petition for decision.

## RULE 6-10.

### Trial counsel's duties with regard to dependency-neglect appeals.

(a) Trial counsel, whether retained or court-appointed, shall continue to represent his/her client in a dependency-neglect case throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or appellate court to withdraw in the interest of justice or for other sufficient cause. A trial court shall determine if the defendant is indigent for purposes of appeal. If the defendant has appointed counsel and is no longer indigent, the trial court shall relieve appointed counsel. After the notice of appeal has been filed with the Circuit Clerk, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

(b) If court-appointed counsel is permitted to withdraw pursuant to subsection (a), new counsel shall be appointed promptly by the court exercising jurisdiction over the matter of counsel's withdrawal and appointed counsel shall be qualified pursuant to Arkansas Supreme Court Administrative Order No. 15.

(c) *Motions for Attorney's Fees.* All motions for attorney's fees from attorneys appointed to represent indigent parent(s) or guardian(s) in dependency-neglect cases shall contain the following information: (1) the date of appointment; (2) the court which appointed counsel; (3) the number of hours expended by counsel in research, court appearances, and preparation of pleadings and petitions for appeals; (4) an itemization of expenses incurred by counsel which are directly attributable to the case; and (5) the relative complexity of the case. The motion shall be filed not later than 30 days after the issuance of the mandate.

## NOTICE OF APPEAL OR CROSS APPEAL AND DESIGNATION OF THE RECORD

| | |
|---|---|
| Circuit Court: _____<br><br>Circuit Court Judge: _____<br><br>Case Number(s): _____<br><br>Arkansas Department of Health and Human Services v.<br><br>_____<br><br>❑parents❑guardians❑custodian<br><br>_____ [children's initials]<br><br>Appellant:_____ | |
| | **COURT USE ONLY** |
| Appellant's Attorney or Appellant if no Attorney (Name and Address):<br><br><br>Phone Number:        E-mail:<br>FAX Number:        Attorney Bar #: | |

### ❑NOTICE OF APPEAL AND DESIGNATION OF THE RECORD
### ❑CROSS-APPEAL AND DESIGNATION OF RECORD

Notice is hereby given that _____ as counsel for _____
hereby ❑appeals or ❑cross-appeals the order of the Circuit Court entered on _____(date)
with reference to a hearing regarding:
❑ denial of appointed counsel
❑ adjudication
❑ disposition (only if a final order pursuant to Ark. R. Civ. P. Rule 54(b))
❑ review (only if a final order pursuant to Ark. R. Civ. P. Rule 54(b))
❑ permanency planning (only if a final order pursuant to Ark. R. Civ. P. Rule 54(b)
❑ termination of parental rights
and all adverse rulings made therein.

### DESIGNATION OF RECORD

The clerk of the Circuit Court will prepare the record on appeal, which shall include, pursuant to Rule 6-9, the following items:

1.  The Circuit Court shall include all include all pleadings, motions, reports, exhibits, and orders of the court relevant to the order from which the appeal arose as designated by the appellant:
    ❑ pleadings dated: _____

    ❑ motions dated: _____

    ❑ reports dated: _____

    ❑ exhibits dated:_____

    ❑ orders dated:_____

    ❑ other (describe) dated:_____

## NOTICE OF APPEAL OR CROSS APPEAL AND DESIGNATION OF THE RECORD

2. The original transcript from the date(s)_____of the proceeding resulting in the Circuit  Court order on appeal.

3.  The name and address of the court reporter(s) is·

| | |
|---|---|
| _____ | _____ |
| Name | Name |
| _____ | _____ |
| Address | Address |
| _____ | _____ |
| City            State            Zip Code | City            State            Zip Code |

| | |
|---|---|
| _____ | _____ |
| Signature, attorney for appellant       Date | Signature of appellant                Date |

### CERTIFICATE OF SERVICE

I certify that on _____ (today's date) the original of this *NOTICE OF APPEAL (CROSS-APPEAL) AND DESIGNATION OF RECORD* was filed with the Circuit Clerk; and a true and accurate copy of this *NOTICE OF APPEAL (CROSS-APPEAL) AND DESIGNATION OF RECORD* was served on the other party(ies) and any court reporters listed above by any form of mail with a signed receipt to the following:

_____
Name & Address

_____
Name & Address

_____
Name & Address

_____
Name & Address

_____
Name & Address

_____
Name & Address

_____
Name & Address

_____
Attorney Signature

_____    _____
Date                        Bar Number

OR

_____
Appellant (if pro se litigant) Signature

_____
Date

638

## PETITION ON APPEAL

<table>
<tr>
<td colspan="2">
<strong>Clerk of the Arkansas Supreme Court<br>Justice Building, 625 Marshall, LR, AR 72201</strong>

Circuit Court: _____

Circuit Court Judge: _____

Case Number(s): _____
</td>
</tr>
<tr>
<td>
Arkansas Department of Health and Human Services v.

_____

❑parents❑guardians❑custodian

_____ [children's initials]

Appellant:_____
</td>
<td>

<br><br><br>

<strong>COURT USE ONLY</strong>
</td>
</tr>
<tr>
<td>
Appellant's Attorney or Appellant if no Attorney (Name and Address):

<br><br>

Phone Number:        E-mail:<br>
FAX Number:         Attorney's Bar #:
</td>
<td>
Case Number:
</td>
</tr>
</table>

1. This Petition on Appeal is filed on behalf of _____, the ❑mother ❑father ❑child ____ (initials) ❑ DHHS ❑Intervenor ❑other _____:

| Child(ren)'s Initials | Date(s) of Birth |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

(additional children may be added if needed)

2. Indicate the type of petition on appeal

❑ The parent was denied appointed counsel pursuant to Ark. Code Ann. §9-27-317, and the order entered on _____ is being appealed.
<br>       (date)

❑ The child/children were adjudicated dependent-neglected pursuant to Ark. Code Ann. §9-27-329, and the adjudication order entered on _____ is being appealed.
<br>              (date)

❑ There was a final order pursuant to Ark. R. Civ. P. Rule 54(b) entered at the review hearing in accordance with Ark. Code Ann. §9-27-337 and the review order entered on _____ is being appealed.
<br>                       (date)

❑ There was a final order pursuant to Ark. R. Civ. P. Rule 54(b) entered at the permanency planning hearing in accordance with Ark. Code Ann. §9-27-338 and the permanency planning order entered on_____ is being appealed.
<br>     (date)

## PETITION ON APPEAL

❑ Parental rights were terminated pursuant to Ark. Code Ann. §9-27-341 and the termination order entered
on _____ is being appealed.
    (date)

3. Appellant's attorney, _____, ❑is ❑is not the attorney who represented appellant
at Circuit Court hearing from which the appeal arose.

4. Are there any other pending appeals involving the child (ren)? ❑Yes ❑No   If Yes, list below:

Case Name and Number: _____

Indicate type of appeal:_____

List the relevant dates regarding this case (if they have not occurred indicate by N/A):

❑ Child was removed from home if applicable:_____

❑ D-N petition filed: _____ ❑Appointment of parent counsel:_____

❑ Appointment of AAL for child: _____ ❑ D-N Adjudication order: _____

❑ D-N Disposition order:     _____

❑ Review orders: _____

❑ Permanency Planning orders: _____

❑ Other hearing (describe type):_____

❑ Petition to terminate parental rights filed: _____

❑ Termination order: _____

❑ Notice of appeal filed _____

5. State the nature of the case and relief sought: The appellant seeks:

6. State the material facts as they relate to the issues presented on appeal:

7. Attach an abstract or abridgment of the transcript of the hearing from which the order on appeal arose that
consists of an impartial condensation of only such material parts of the testimony of the witnesses and
colloquies between the court and counsel and other parties as necessary to an understanding to the court of
all the issues presented to the court for a decision.

*The abstract should be in the first person, rather than the third person. For example, use I and he/she.*

8. State the legal issues presented for appeal, including a statement of how the issues arose, and supporting
legal authority.

*The issues statement should be concise in nature and set forth the specific legal questions. General
conclusions, such as "the trial court's ruling is not supported by the law or the facts," are not acceptable.
Include specific supporting legal authority upon which the party is relying with citations to supporting statutes,
case law, or other legal authority for each issue raised. All citations of decisions must state the style of the
case and the book and page in which the case is found.*

## PETITION ON APPEAL

The undersigned requests that the Appellate Court issue an opinion reversing the order of the Circuit Court in this matter.

_____
Signature, attorney for appellant          Date

OR

_____
Signature of pro se litigant          Date

**Addendum List of Attachments (*pursuant to Rule 6-9 (e)(2)(E)*:**

_____

_____

_____

_____

_____

_____

### CERTIFICATE OF SERVICE

I certify that on _____(today's date) the original and 16 copies of this *PETITION ON APPEAL* were filed with the Clerk of the Supreme Court; and a true and accurate copy of this *PETITION ON APPEAL* was served on the other party(ies) by placing it in the United States mail, postage pre-paid and addressed to the following.

_____  
Name & Address

_____  
Name & Address

_____  
Name & Address

_____  
Name & Address

_____  
Name & Address

_____

_____  
Attorney Signature

_____   _____  
Date                Bar Number

OR

_____  
Appellant (if pro se litigant) Signature

_____  
Date

## RESPONSE AND CROSS APPEAL TO PETITION ON APPEAL

| | |
|---|---|
| **Clerk of the Arkansas Supreme Court**<br>**Justice Building, 625 Marshall, LR, AR 72201**<br><br>Circuit Court: _____<br>Circuit Court Judge: _____<br>Case Number(s): _____<br><br>Arkansas Department of Health and Human Services v.<br><br>_____<br>☐parents☐guardians☐custodian<br><br>_____ [children's initials] | |
| Appellant:_____ | **COURT USE ONLY** |
| Attorney or Party Without Attorney (Name and Address):<br><br><br>Phone Number:                    E-mail:<br>FAX Number:                      Attorney Bar #: | Case Number: |

1. This Response to the Petition on Appeal is filed on behalf of _____, the ☐mother ☐father ☐child _____(initials) ☐ DHHS ☐ Intervenor ☐other _____:

2. Appellee's attorney, _____, ☐is ☐is not the attorney who represented appellee at the Circuit Court hearing from which the appeal arose.

3  The relevant date(s) regarding this case are:

    ☐ Correctly stated in the Petition on Appeal.
    ☐ Corrected by appellee as follows:


4. The statement of material facts as they relate to the issues presented by the appellant for appeal are:

    ☐ Accurate as set forth by appellant, and accepted by the undersigned appellee.
    ☐ Requires additions/corrections as follows:


5. The appellant's abstract for purposes of this appeal is:

    ☐ Accurate as set forth by appellant, and accepted by the undersigned appellee.
    ☐ Defective or incomplete and the appellee shall include only items which the appellant failed to include:


6. The appellant's addendum for purposes of this appeal is:

    ☐ Accurate as set forth by appellant, and accepted by the undersigned appellee.
    ☐ Defective or incomplete and the appellee shall include only items which the appellant failed to include:

## RESPONSE AND CROSS APPEAL TO PETITION ON APPEAL

7. Appellee's response to the legal issues, including a statement of how the issues arose, and supporting legal authority.

*The issues statement should be concise in nature and set forth the specific legal questions. General conclusions are not acceptable. Include specific supporting legal authority upon which the party is relying with citations to supporting statutes, case law, or other legal authority for each issue raised. All citations of decisions must state the style of the case and the book and page in which the case is found*

The undersigned requests that the Appellate Court issue an opinion reversing the order of the Circuit Court in this matter.

_____
Signature, attorney for appellant     Date

OR

_____
Signature of pro se litigant     Date

8. Were there any issues on cross-appeal? ☐Yes ☐No   If yes, notice should have been filed with Circuit Court Clerk five days following receipt of the notice of appeal pursuant to Rule 6-9 (b)(2)(E). Attached proof of notice and if cross appeal was filed:

   a. State the nature of the cross appeal and the relief sought by appellee:

   b. State the material facts as they relate to the issues presented on cross appeal:

   c. If the abstract prepared by the appellant is insufficient as to the issues on cross appeal, attach an abstract or abridgment of the transcript of the hearing from which the order on appeal arose that consists of an impartial condensation of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as necessary to an understanding to the court of all the issues presented to the court for a decision on cross appeal.

   *The abstract should be in the first person, rather than the third person. For example, use I and he/she.*

   d. State the legal issues presented for cross appeal, including a statement of how the issues arose, and supporting legal authority.

   *The issues statement should be concise in nature and set forth the specific legal questions. General conclusions, such as "the trial court's ruling is not supported by the law or the facts," are not acceptable. Include specific supporting legal authority upon which the party is relying with citations to supporting statutes, case law, or other legal authority for each issue raised. All citations of decisions must state the style of the case and the book and page in which the case is found.*

_____
Signature, attorney for appellee     Date

OR

_____
Appellee (if pro se litigant)     Date

## RESPONSE AND CROSS APPEAL TO PETITION ON APPEAL

### CERTIFICATE OF SERVICE

I certify that on _____(date) the original and 16 copies of this *RESPONSE TO PETITION ON APPEAL* was filed with the Clerk of the Arkansas Supreme Court; and a true and accurate copy of this *RESPONSE TO PETITION ON APPEAL* was served on the other party(ies) by placing it in the United States mail, postage pre-paid and addressed to the following:

| | |
|---|---|
| _____ | _____ |
| Name & Address | Attorney Signature |
| _____ | |
| Name & Address | _____  _____ |
| | Date         Bar Number |
| _____ | |
| Name & Address | |
| | OR |
| _____ | |
| Name & Address | _____ |
| | Appellant (if pro se litigant) Signature |
| _____ | |
| Name & Address | _____ |
| | Date |